UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BOBBY E. WRIGHT,                )
                                )
        Plaintiff,               )
    vs.                         )       15-3140
                                )
ADAM P. MONREAL, *et al.*,       )
                                )
        Defendants.              )

MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, proceeding pro se, and currently incarcerated in the Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*. The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that his parole/mandatory supervised release was revoked in June of 2014 with no advance notice to him and no chance for him to participate in the hearing. The first he heard of the revocation was in December of 2014 when he was informed that the Board had revoked his eligibility for parole, and that his release date was extended to July of 2015.

The prisoner review board members are absolutely immune from their decision to revoke parole eligibility. Their immunity extends to the process they followed in making that decision. *Wilson v. Kelkhoff*, 86 F.3d 1438 (7th Cir. 1986)(prisoner review board members absolutely immune from procedural due process claim). The plaintiff might have a claim if the members committed constitutional violations outside their quasi-judiciary roles, such as if a member filed a false report to initiate the revocation

proceedings.  However, no plausible inference arises from the present allegations that any of the defendants acted outside their quasi-judicial roles.  The complaint will be dismissed, with leave to file an amended complaint.  I

    IT IS THEREFORE ORDERED that:

    1.  The plaintiff's complaint is dismissed, without prejudice, for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.

    2.  By August 10, 2015, the plaintiff is directed to file an amended complaint.  Failure to file an amended complaint or filing an amended complaint which fails to state a federal claim for relief will result in dismissal of this action.

Entered this 20th day of July, 2015.

_____s/Harold A. Baker_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE